UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM GRECIA,

           Plaintiff,

    - against -

BRASS LION ENTERTAINMENT, INC.,
JUSTIN SMITH, BRYNA SMITH,
EDWARD ROBLES, and ROC NATION
LLC,

           Defendants.
------------------------------------------------------------------X

25 Civ. 1484 (JHR) (GS)

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

    Over the past seven days, *pro se* Plaintiff William Grecia ("Plaintiff") has filed the following four motions: (1) "Plaintiff's Motion for Judicial Oversight of DOJ Handling of Withheld Regulation E Funds and Enforcement of Federal Law" (Dkt. No. 10); (2) "Plaintiff's Motion to Compel Disclosure of DOJ Criminal RICO Evidence and Whistleblower Testimony" (Dkt. No. 11); (3) "Plaintiff's Motion to Compel Return of Regulation E Funds and Issue Sanctions Against Defendants" (Dkt. No. 15); and (4) "Plaintiff's Motion to Compel Production of Currency Transaction Reports (CTR) Pursuant to Regulation E and the Bank Secrecy Act" (Dkt. No. 16). The Court has reviewed these motions along with two letters Plaintiff submitted in support of the motions. (Dkt. Nos. 12 & 14). Plaintiff's motions are **DENIED**.

    Plaintiff's motions to compel disclosure of evidence from DOJ (Dkt. No. 11) and to compel production of CTR reports (Dkt. No. 16) are motions for discovery. "A

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). This includes discovery both from other parties to the action and from third parties. *Desilva v. N. Shore-Long Island Jewish Health Sys. Inc.*, No. 10 Civ. 1341 (JFB) (ETB), 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010). Here, the parties have not conferred as required by Rule 26(f) as the Defendants have not yet been served or appeared in this action, so far as the docket reflects.

Under Rule 26(d)(1), courts may order expedited discovery prior to the Rule 26(f) meet and confer. "When determining whether to grant expedited discovery, courts in this District apply a flexible standard of reasonableness and good cause." *Colds v. Smyth*, No. 22 Civ. 2023 (CS), 2023 WL 6258544, at *3 (S.D.N.Y. Sept. 26, 2023) (citation omitted). A variety of factors guide this inquiry, including, *inter alia*, the relative prejudices that will be suffered by the parties, the plaintiff's ability to make out a *prima facie* claim, the specificity of the discovery request, the necessity of the information for the plaintiff's claim, and the proportionality of the request. *Id.* at *4. "Expedited discovery is not the norm." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) (citation omitted).

Plaintiff has not demonstrated good cause for expedited discovery or that his discovery demands are reasonable. Indeed, they are frivolous. Plaintiff's motion to compel the U.S. Department of Justice to disclose "Criminal RICO Evidence and Whistleblower Testimony" is purportedly for use in "Plaintiff's pending civil RICO

case in SDNY (1:25-cv-01484)" (Dkt. No. 11) *i.e.*, this case—which asserts no RICO claim. (*See* Dkt. No. 1 ¶¶ 16–23). His motion to compel production of Currency Transaction Reports fails to identify what financial institutions he is seeking discovery from. (Dkt. No. 16). And neither motion explains how the information sought is even relevant to Plaintiff's claims in this action—which arise from the purported breach of a non-disclosure agreement between Plaintiff and Defendant Brass Lion Entertainment Inc. (Dkt. No. 1 ¶¶ 10-15)—or how Plaintiff would be prejudiced by not obtaining expedited discovery.

Plaintiff's motion for the Court to "exercise judicial oversight" over the Department of Justice and compel it to act "to ensure the immediate return of Plaintiff's funds" (Dkt. No. 10) is likewise frivolous. This Court has no power to direct the Department of Justice to initiate an investigation or enforcement action. *See, e.g.*, *Brady v. Garland*, No. 23 Civ. 212 (APM), 2023 WL 7213804, at *1 (D.D.C. Sept. 29, 2023) (agreeing that court "lacks authority to compel [the Attorney General] to investigate or prosecute, as that decision is within the Attorney General's discretion").

Finally, Plaintiff's motion to compel Defendants to return his "Regulation E funds" (Dkt. No. 15) is essentially a reprise of Plaintiff's previously filed motion for a temporary restraining order ("TRO") and preliminary injunction (Dkt. No. 7). In a Report & Recommendation to Judge Rearden on March 3, 2025, the undersigned found Plaintiff's motion for a TRO and preliminary injunction fatally flawed for

several reasons and recommended that it be denied. Nothing Plaintiff says now causes the Court to reconsider its prior ruling.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions at Docket Nos. 10, 11, 15, and 16 are **DENIED**. The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the *pro se* Plaintiff at the mailing address on the docket.

**SO ORDERED.**

DATED:   New York, New York
         March 12, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge