

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Allon Lifshitz
212 682 9413
alifshitz@cohengresser.com

# MEMO ENDORSED

March 28, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

Re: *Grecia v. Brass Lion, et al.*, 25 CV 1484 (JHR) (GS)

Dear Judge Rearden:

This firm represents defendants Brass Lion Entertainment, Inc., Justin Smith, and Bryna Smith (together, the "Smiths") in the above-captioned case.

Pursuant to Your Honor's Individual Rules and Practices in Civil Cases ("Individual Rules"), we write to respectfully request (1) leave to redact certain documents filed by *pro se* Plaintiff William Grecia ("Plaintiff") containing the Smiths' personal contact information, and (2) that Plaintiff be directed to file documents pursuant to Your Honor's Individual Rules and Practices in Civil *Pro Se* Cases ("*Pro Se* Rules") and, in particular, to contact only counsel of record, not other lawyers at this firm.

## I.    Request for Leave to Redact the Smiths' Personal Contact Information

Plaintiff has filed several letters, motions, and exhibits that include the Smiths' personal contact information, including their home address and non-public email addresses and phone numbers. To protect the privacy interests of the Smiths, pursuant to Your Honor's Individual Rules 9.A and 9.B and Federal Rule of Civil Procedure 5.2, we respectfully request leave to file redacted versions of the following documents:

- The Complaint (Dkt. No. 1), attaching exhibits that include the Smiths' email addresses and Mrs. Smith's personal cell phone number.

- The Civil Cover Sheet (Dkt. No. 2), which includes the Smiths' home address.

- The Request for Summons (Dkt. No. 3), which includes the Smiths' home address.

- Plaintiff's "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Dkt. No. 7), attaching exhibits that include the Smiths' email addresses.



March 28, 2025
Page 2
Hon. Jennifer H. Rearden

- Plaintiff's "Notice to the Court Re Formal Demand for Regulation E Funds & Documented ADR Communication" (Dkt. No. 12), attaching exhibits that include the Smiths' email addresses.

- Plaintiff's March 8, 2025 letter (Dkt. No. 14), attaching exhibits that include the Smiths' email addresses.

- Plaintiff's March 21, 2025 letter (Dkt. No. 22), which includes the Smiths' home address and photos of their home.

- Plaintiff's March 25, 2025 letter (Dkt. No. 25), attaching an exhibit that includes the Smiths' home address.

Pursuant to Rule 9.C.iii. of Your Honor's Individual Rules, we have publicly filed via ECF this letter-motion and copies of the documents listed above with proposed redactions, and we have filed under seal unredacted copies of these same documents with the proposed redactions highlighted.

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values [than the right of public access] and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948)). "Typically, sealing of personal information 'such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public' is warranted unless that information has bearing on issues before the court." *Farris v. Avon Prods., Inc.*, 23 CV 2023 (LAK) (SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) (quoting *Anderson v. New York City Health & Hosps. Corp.*, 16 CV 1051 (GBD) (KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020)); *see also Robinson v. De Niro*, 19 CV 9156 (LJL), 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (granting parties' request to redact home addresses and e-mail addresses because "[i]f this information were publicly disclosed, it could be used to significantly intrude on the personal privacy interests of the persons in this case."); *Brunckhorst v. Bischoff*, 21 CV 4362 (JPC), 2024 WL 4276201, at *2 (S.D.N.Y. Sept. 24, 2024) (granting motion to seal or redact documents containing personal contact information "[g]iven the information's lack of relevance to the Court's resolution of the parties' summary judgment motions and the strong privacy interests implicated"); *Cohen v. Gerson Lehrman Grp., Inc.*, 09 CV 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (approving redaction of "individual contact information, such as email addresses, home addresses and phone numbers" because "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure").

The Smiths have a significant interest in preserving the privacy of their personal contact information, which has no bearing on the issues before the Court.



March 28, 2025
Page 3
Hon. Jennifer H. Rearden

## II.    Request to Direct Plaintiff to File According to Your Honor's *Pro Se* Rules

In addition, over the past week, Plaintiff has sent numerous emails to the Court and copied a partner at this firm who has not made an appearance in, or otherwise been involved in, this case.  In several of these emails, Plaintiff seeks relief from the Court or otherwise requests that the Court file certain documents on his behalf.  However, Your Honor's *Pro Se* Rules provide that "[n]o documents or court filings may be sent directly to Chambers," and they direct *pro se* parties to file papers by delivering them in person, mailing them to the *Pro Se* Intake Office, emailing them as an attachment in PDF format to a specific email address provided therein, or, if the *pro se* party has filed a Motion for Permission for Electronic Case Filing, filing them on ECF.  These methods would result in service upon counsel of record, and do not appear to authorize a *pro se* party to email other attorneys who are not involved in the case.

Thus, we respectfully request that the Court issue an order:

1)  Granting the request to redact the Smiths' home address, email addresses, and phone numbers, as well as photos of their home, from Plaintiff's filings.

2)  Directing the Clerk of the Court to seal the nonredacted versions of the filings listed above, and to file the redacted versions submitted with this letter.

3)  Directing that, absent further order of the Court, the Clerk shall deny access to those sealed filings to anyone except for a party, a counsel of record to any party, or a representative of a counsel of record to any party.

4)  Directing Plaintiff to follow the procedures set forth in Your Honor's *Pro Se* Rules and, if he needs to communicate with the Smiths, to address correspondence to the Smiths' counsel of record, and not to their colleagues.

Respectfully submitted,

*/s/ Allon Lifshitz*_____
Allon Lifshitz
Jillian Gray
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022

cc:    All parties (via ECF), Plaintiff (via FedEx)


SO ORDERED.                                      _____

                                                 Honorable Jennifer H. Rearden

Dated: March __, 2025

The request to keep under seal the unredacted versions of Dkt. Nos. 1–3, 7, 12, 14, 22, and 25 is granted.  The Court finds that Defendants' interest in maintaining the confidentiality of the redacted portions of the filings, specifically Defendants' home address, email addresses, and phone numbers, as well as photos of their home, outweighs the presumption of full public access to the judicial documents in which that information is contained.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).  The redactions serve the higher value of preserving personal information, the redactions are narrowly tailored, and the redacted information has no bearing on the issues before the Court.  Id. at 120; Farris v. Avon Prods., Inc., No. 23 Civ. 02023 (LAK)(SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024).  The Clerk of Court is respectfully directed to maintain under seal the unredacted versions of Dkt. Nos. 1–3, 7, 12, 14, 22, and 25, as well as the highlighted Exhibits attached to Dkt. No. 31.  The Clerk of Court is respectfully directed to terminate the pending motions at Dkt. Nos. 30 and 31.

Plaintiff is reminded to follow the procedures set forth in the Honorable Jennifer Rearden's Individual Rules And Practices in Civil Pro Se Cases, available at https://nysd.uscourts.gov/hon-jennifer-h-rearden, which provide that pro se parties may not contact the Court directly and should send all filings and questions to the Pro Se Office. In addition, the Court advises Plaintiff to refrain from contacting lawyers at Cohen & Gresser LLP regarding this action other than the lawyers who have entered notices of appearance on behalf of Defendants\

Date:    April 1, 2025
         New York, NY

**SO ORDERED:**

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE