UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| WILLIAM GRECIA, | |
|---|---|
| Plaintiff, | 25 Civ. 01484 (JHR) |
| -v.- | ORDER OF DISMISSAL |
| EDWARD ROBLES and ROC NATION LLC, | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff William Grecia, acting *pro se*, brought this action for breach of contract and tortious interference against Brass Lion Entertainment, Inc., Justin Smith, Bryna Smith, Edward Robles, and Roc Nation LLC on February 21, 2025.  ECF No. 1.  The Court referred the case to Magistrate Judge Gary Stein for general pretrial supervision and reports and recommendations on any dispositive motions.  ECF No. 8.  Plaintiff voluntarily dismissed Defendants Brass Lion Entertainment and Justin Smith on April 5, 2025, ECF Nos. 41-42, and Defendant Bryna Smith on June 18, 2025, ECF No. 100.

On June 26, 2025, Judge Stein issued an order directing Plaintiff to show cause, "by no later than **Friday, July 11, 2025**, as to why Plaintiff has failed to serve the summons and Complaint on Defendants Robles and Roc Nation within the 90 days prescribed by Fed. R. Civ. P. 4(m), OR, if Plaintiff believes that Defendants have been served, provide proof of such service and explain when and in what manner service was made."  ECF No. 103 (emphases in original).  Judge Stein cautioned that, "[i]f Plaintiff fails to timely show good cause for why Defendants Robles and Roc Nation LLC should not be dismissed from this action, [Judge Stein] will recommend . . . that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41."  *Id.*  Later that day, Plaintiff responded to the Order to Show Cause and requested

"an additional 45 days to effect service" on Defendants Robles and Roc Nation LLC.  ECF No. 105 at 2.

On September 2, 2025, Judge Stein issued a second Order to Show Cause directing Plaintiff, "by no later than **Wednesday, September 10, 2025,** [to show cause] as to why Plaintiff has failed to serve the summons and Complaint on Defendants Robles and Roc Nation within the 90 days prescribed by Fed. R. Civ. P. 4(m), OR if Plaintiff believes that Defendants have been served, provide proof of such service and explain when and in what manner service was made."  ECF No. 135 (emphases in original).  Judge Stein notified Plaintiff that, "[i]f [he] fails to timely show good cause for why Defendants Robles and Roc Nation LLC should not be dismissed from this action, [Judge Stein] w[ill] recommend . . . that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41."  *Id.*

In response to the second Order to Show Cause, Plaintiff stated that he "intends to file separate lawsuits in the future after [the Department of Justice ("DOJ")] concludes its criminal investigation and statutory enforcement actions."  ECF No. 138.  Plaintiff further asserted that "this case should now be viewed through the lens of [Crime Victims' Rights Act ("CVRA")]-elected protections, federal identity theft statutes, and forthcoming DOJ RICO proceedings, rather than through the limited frame of the initial 'civil' summons and complaint."  *Id*.  Plaintiff's response did not mention any attempts to serve Defendant Robles or Roc Nation, nor has Plaintiff requested a further extension of the deadline or even suggested any "exceptional circumstances where [his] failure to serve process in a timely manner was the result of circumstances beyond [his] control."  *Benites v. N.Y. Dep't of Corr. and Cmty. Supervision*, No. 21 Civ. 6863 (CM), 2023 WL 1966181, at *2 (S.D.N.Y. Feb. 13, 2023) (dismissing case under Rule 4(m) upon finding that Plaintiff's "one attempt to effect service" was "insufficient to demonstrate good cause" for an extension of the service deadline).  More than sixty days

2

have now passed since Plaintiff responded to the second Order to Show Cause, and Plaintiff still has not filed proof of service with respect to Defendants Robles and Roc Nation.

Pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that service be effected "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) further provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*; *see Aaron v. Keyser*, No. 21 Civ. 05258 (PMH), 2023 WL 3466170, at *7 (S.D.N.Y. May 15, 2023) (citations omitted) ("Federal Rule of Civil Procedure 4(m) permits the Court to dismiss an action without prejudice against a defendant who was not served.").

Plaintiff's deadline to serve Defendants Robles and Roc Nation expired more than five months ago, on May 22, 2025. *See* Fed. R. Civ. P. 4(m) *and* ECF No. 1 (complaint filed February 21, 2025). Judge Stein warned Plaintiff twice that, in the absence of a showing of good cause, the action would be subject to dismissal for "fail[ure] to serve the summons and Complaint on Defendants Robles and Roc Nation within the 90 days prescribed by [Rule 4(m)]." *See* ECF Nos.103 and 135. Plaintiff has neither served Defendants Robles and Roc Nation nor "come forward with any coherent, substantiated excuse for his failure to effect timely service." *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 402 (Feb. 3, 2020); *see also Martinez v. SEIU Local 32 BJ*, No. 18 Civ. 3961 (JMF), 2019 WL 1259381, at *2 (S.D.N.Y. Mar. 19, 2019) (dismissing case under Rule 4(m) where plaintiff "d[id] not even come close to providing a colorable excuse for his undisputed failure to formally serve" defendants); *Brunson-Bedi v. New York*, No. 15 Civ. 9790 (NSR), 2018 WL 2084171, at *9 (S.D.N.Y. May

1, 2018) (concluding that the plaintiff's "utter failure to provide an explanation for the extensive delay in service" warranted dismissal).

Accordingly, the Court hereby DISMISSES the claims against Defendants Robles and Roc Nation without prejudice pursuant to Rule 4(m). *See* Order of Dismissal, *Horizon Group USA, Inc. v. Innovative Designs, LLC*, No. 22 Civ. 1241 (JPC) (S.D.N.Y. July 28, 2022) (dismissing case under Rule 4(m) after the court had "warn[ed] Plaintiff that [failure to] . . . show[ ] good cause why such service was not made within the 90 days" would result in dismissal).

The Clerk of Court is directed to terminate ECF Nos. 7, 88, 93, 113, 118, 122, 123, 128, 130, and 139. The Clerk of Court is further directed not to close this case.[1]

SO ORDERED.

Dated: November 7, 2025
New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge

---

[1] Although all Defendants have now been dismissed from the case, the court retains jurisdiction over "collateral issues such as sanctions." *Rice v. NBCUniversal Media, LLC*, No. 19 Civ. 447 (JMF), 2019 WL 3000808, at *4 (S.D.N.Y. July 10, 2019); *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (holding that "voluntary dismissal of a complaint . . . does not preclude the district court from considering collateral issues such as sanctions"); *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003) ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters."). Accordingly, the Court may consider Defendants Justin Smith, Brenna Smith, and Brass Lion Entertainment, Inc.'s request for sanctions, ECF Nos. 53-54, as well as Plaintiff's motion for sanctions, ECF No. 146.

4