UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GRECIA, <br><br>                           Plaintiff, <br><br>             -v.- <br><br> BRASS LION ENTERTAINMENT, INC et al., <br><br>                      Defendants. | 25 Civ. 01484 (JHR) (GS) <br><br> <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

JENNIFER H. REARDEN, District Judge:

Plaintiff William Grecia, acting *pro se*, brought this action for breach of contract and tortious interference against Brass Lion Entertainment, Inc., Justin Smith, and Bryna Smith (collectively, the "Brass Lion Defendants"), as well as Edward Robles and Roc Nation LLC, on February 21, 2025.[1]  ECF No. 1.  Before the Court is the Report and Recommendation of Magistrate Judge Gary Stein recommending that the Court deny (1) the Brass Lion Defendants' motion for monetary sanctions and a filing injunction against Plaintiff, and (2) Plaintiff's motion for Rule 11 sanctions against the Brass Lion Defendants' counsel.  *See* ECF No. 153 (Rep.) at 35.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Stein's recommendation in its entirety.

## BACKGROUND[2]

The Court referred this case to Magistrate Judge Gary Stein for general pretrial supervision and reports and recommendations on any dispositive motions on February 27, 2025.  ECF No. 8.  On April 11, 2025, the Brass Lion Defendants moved to dismiss the complaint.  *See*

---

[1] On November 7, 2025, the Court "dismiss[ed] the claims against Defendants Robles and Roc Nation without prejudice pursuant to Rule 4(m)."  ECF No. 150.

[2] The Court assumes familiarity with the facts and procedural history detailed in the Report and Recommendation, *see* R&R at 3-17, and therefore does not fully recount them here.

ECF Nos. 53-54.  In that motion, the Brass Lion Defendants included an application for monetary sanctions and a filing injunction.[3]  *See id.*  On May 8, 2025, Plaintiff filed a motion for sanctions against the Brass Lion Defendants' outside counsel, Alon Lifshitz, and his law firm, Cohen & Gresser LLP, ECF No. 73, as well as an opposition to the Brass Lion Defendants' request for sanctions, ECF No. 74.  On May 23, 2025, Plaintiff voluntarily withdrew his motion for sanctions without prejudice.  *See* ECF No. 81.  In light of numerous supplemental filings by both parties, the Court ordered Plaintiff to "file a consolidated opposition to [the Brass Lion] Defendants' papers in support of their request for sanctions (ECF Nos. 53-58, 71, 95-98)," *see* ECF No. 102.  Plaintiff filed a consolidated opposition to the Brass Lion Defendants' motion for sanctions on June 26, 2025, ECF No. 104, and the Brass Lion Defendants filed a reply on July 7, 2025, ECF No. 106.  Plaintiff renewed his motion for sanctions against the Brass Lion Defendants' counsel on September 11, 2025.  *See* ECF No. 146.  The Brass Lion Defendants opposed the motion on September 17, 2025, ECF No. 147, and Plaintiff replied on September 18, 2025, ECF No. 148.

On January 2, 2026, Judge Stein issued a thirty-six page Report and Recommendation recommending that the Court deny the Brass Lion Defendants' request for monetary sanctions and a filing injunction against Plaintiff, and separately recommending that the Court deny Plaintiff's motion for Rule 11 sanctions against the Brass Lion Defendants' counsel.  *See* Rep. at 35.  The Report and Recommendation alerted the parties that they had "fourteen days, inclusive

---

[3] Plaintiff voluntarily dismissed Defendants Justin Smith and Brass Lion Entertainment, Inc. on April 9, 2025, ECF Nos. 48-49, and Defendant Bryna Smith on June 25, 2025, *see* ECF No. 102. The Court accordingly denied the Brass Lion Defendants' motion to dismiss, ECF No. 53, as moot.  *See* ECF No. 102. "Notwithstanding the denial as moot of [the Brass Lion] Defendants' motion to dismiss, the Court retain[ed] jurisdiction over 'collateral issues such as sanctions.'" *Id.*  (quoting *Rice v. NBCUniversal Media, LLC*, No. 19 Civ. 447 (JMF), 2019 WL 3000808, at *4 (S.D.N.Y. July 10, 2019).  "Thus, the Court has authority to consider [the Brass Lion] Defendants' request for sanctions, ECF Nos. 53-54." *Id.*

of weekends and holidays, from the date of th[e] Report and Recommendation to file objections." *Id*. at 36.  The Report and Recommendation also cautioned that "failure to file timely objections will preclude appellate review." *Id*.  Accordingly, any objections to the Report and Recommendation were due by January 16, 2026.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023).  A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'"  *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that "[f]ailure to file timely objections w[ould] preclude appellate review," Rep. at 36, neither party filed any objections to the Report and Recommendation.[4]  Thus, both parties have waived the right to judicial review.  *See Fredricks v.*

---

[4] Plaintiff has filed four documents since the Report and Recommendation issued.  On January 13, 2026, Plaintiff filed a "Notice of Plaintiff's Supplemental Notice of Additional Evidence in Support of Previously Filed Notice of Perjury."  *See* ECF No. 154.  On January 15, 2026,

*Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025)

(citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food

Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the

consequences, failure timely to object to a magistrate's report and recommendation operates as a

waiver of further judicial review of the magistrate's decision.").

The Court has carefully reviewed the Report and Recommendation in any event and,

unguided by objections, finds no clear error.  The Report and Recommendation is "well-reasoned

and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

---

Plaintiff filed "Plaintiff's Notice of Procedural Coercion, Prejudice Arising from Weaponized State Court Proceedings, and Reservation of Rights."  *See* ECF No. 155.  On January 23, 2026, Plaintiff filed a "Notice of Plaintiff's Informational Filing Regarding Pennsylvania State Criminal Identity-Theft Referral."  *See* ECF No. 156.  On March 1, 2026, Plaintiff filed a "Notice of assertion of Crime Victim Status and Request for Government Conferencing [sic] Pursuant to 18 U.S.C. § 3771."  *See* ECF No. 157.  These filings do not cite the Report and Recommendation or refer to its contents in any way.  *See generally* ECF Nos. 154-157. Although "[p]ro se parties are generally accorded leniency when making objections," *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), "even a pro se party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal."  *Id*. (citation omitted) (reviewing report and recommendation for clear error).  Plaintiff's filings that post-date the Report and Recommendation certainly "do not contain any arguments that are specifically targeted at the reasoning in the Report [and Recommendation]."  *See Bailey v. U.S. Citizenship & Immigration Servs.*, No. 13 Civ. 01064 (GBD), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014).  Because Plaintiff's filings, ECF Nos. 154-157, "are not clearly aimed at particular findings in the Report [and Recommendation]," they "do not trigger *de novo* review."  *Id*.

**CONCLUSION**

The Clerk of Court is directed to terminate ECF No. 146.  The Clerk of Court is further

directed to close this case.


SO ORDERED.

Dated: March 16, 2026
       New York, New York


_____
JENNIFER H. REARDEN
United States District Judge